IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| 1) RUBY SANDS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 2:15-cv-01959-JRG |
| vs. | ) |
| | ) |
| 2) BANK OF TEXAS, | ) |
| | ) |
| Defendant. | ) |

**SPECIAL APPEARANCE AND
MOTION TO DISMISS RELATING TO SERVICE AND VENUE
AND CAUTIONARY ANSWER TO COMPLAINT**

BOKF NA d/b/a Bank of Texas (hereinafter "BOKF") hereby enters a special appearance and without waiving any rights, moves the Court to dismiss Plaintiff's claims against the party named by Plaintiff as "Bank of Texas".

In the alternative, as set out below out of abundance of caution, answers and asserts its defense of Plaintiff's Complaint for Patent Infringement ("Complaint") [Doc. No. 1]. In support of the foregoing, BOKF states as follows.

## MOTION TO DISMISS

### Untimely and Improper Service

1. Plaintiff filed its Complaint on November 30, 2015. [Doc. 1] (Complaint).

2. Plaintiff failed to serve Plaintiff's Complaint until April 13, 2016, more than ninety (90) days following the filing of the Complaint, in violation of Federal Rule of Civil Procedure (FRCP) 4(m) and 12(b)(5) which state respectively:

a. **FRCP 4(m): Time Limit for Service**. "If a defendant is not served within **90 days** after the complaint is filed, the court – on motion or on its own after notice to the Plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  (Emphasis added).

b. **FCRP (12)(b)(5): Defenses and Objections [] Insufficient Service of Process.** A party may assert insufficient service of process by motion.

## BOKF NA Met and Conferred
## With Counsel for Plaintiff Regarding the Motion to Dismiss

3. BOKF NA only became aware of purported service on April 23, 2016, when Counsel for Plaintiff sent an email to Counsel for Defendant stating: "Please see attached that I am re-sending because it appears to have not been successfully transmitted." Ex. 1 (2016-04-23 1428 (Saturday) Email from Zimmerman to Dorwart transmitting Preliminary Infringement Contentions, Claim Chart Bank of Texas, and FH6891633 (09364959) (attachments omitted) (emphasis added).

4. The following Monday morning, April 25, 2016, Counsel for BOKF NA notified Counsel for Plaintiff as follows:  "I do not see where service was ever effected and you appear to be proceeding as if service was effected.   Please give me a call to discuss."   Ex. 2 (2016-04-26 0956 Email from Dorwart to Zimmerman) (attachments omitted).

5. On April 27, 2016, Counsel for Plaintiff forwarded a purported Affidavit of Service which on its face rendered service untimely as not served on Defendant within 90 days of the filing of the Complaint.  Ex. 3 (2016-04-27 1218 Email).   Furthermore,

Plaintiff attempted to untimely affect service on a banking center near Houston, Texas.

6. In an attempt to meet and confer regarding the issues, Counsel for BOKF NA notified Counsel for Plaintiff that: "There are several issues that render purported service defective and untimely and problems with the complaint. For starters the complaint was filed on November 30, 2015 and service was not even attempted until April 13, 2016 which is past the time limit for service." Ex. 4 (2016-04-27 1235 Email).

7. On April 27, 2016, Counsel for the Plaintiff and Counsel for BOKF NA spoke by telephone. Counsel for Plaintiff, Zimmerman, and Counsel for BOKF NA discussed resolution. Counsel for Plaintiff stated that he would dismiss and refile against proper party, BOKF NA. The parties also discussed venue issues as BOKF NA witnesses to alleged patent violations reside in Tulsa, Oklahoma and cannot be compelled to Texas.

8. On May 4, 2016, after reviewing the dockets and determining that Counsel for Plaintiff had not taken actions to resolve the matter, Counsel for BOKF NA reached out to Counsel for Plaintiff to try to obtain effective resolution. Ex. 5 (2016-05-04 1356 Email Dorwart to Zimmerman re Lack of Actions by Zimmerman Re Ruby Sands v. Bank of Texas).

9. Counsel for Plaintiff reneged on his representations for effective resolution.[1] Ex. 6 (2016-05-04 1413 Email Chain).

10. Counsel for Plaintiff did not timely respond to inquiries to avoid the instant precautionary filing. The last email from Counsel for Plaintiff was on May 4, 2016 at

---

[1] Counsel for Plaintiff disputes the instant allegation.

2:24 p.m. CST.    Ex. 7 (2016-05-04 Email of Zimmerman delaying response).

11.    BOKF has suffered prejudice in light of Plaintiff's naming of an improper party, BoT, Plaintiff's lack of timely prosecution of the litigation, failure to serve the proper party's registered agent, lack of requisite allotted time to respond to the Complaint, by the Court's Order consolidating this matter into the lead case and the schedule associated therewith, and Plaintiff's failure to meet and confer in good faith regarding these issues.

12.    Therefore, Counsel for BOKF NA is, with reservations as to service and venue, and in an abundance of caution, filing the instant motion to dismiss, at the close of the business day, within twenty-one days of the purported and untimely attempted service on a BoT banking center.

### Improper Venue and/or Forum Non Conveniens

13.    As is readily ascertainable by the Plaintiff, BOKF NA is a National Banking Association.  BOKF NA has its principal place of business in Tulsa, Oklahoma. http://www.occ.treas.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html

14.    BOKF NA informed Counsel for Plaintiff of both Counsel's mistake as to the proper party and that the principal place of business of BOKF NA is Tulsa, Oklahoma, not the Marshall Division of the Eastern District where BOKF NA has but one ATM and a single retail banking center.   Ex. 5 (2016-04-28 1100 Email to Plaintiff Counsel re Service and Party Issues).

15.    BOKF has a single ATM and a single retail banking center in the Sherman District.

16.    Witnesses from Tulsa, Oklahoma may not be compelled to the Eastern

District of Texas.  FRCP 45.   In addition:

> Courts have generally recognized a presumption that Rule 30(b)(6) depositions should be taken at the corporation's principal place of business. *See In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 471-2 (E.D. Va. 2010)…This presumption may be overcome, but only where there are circumstances that distinguish the case from an ordinary civil case. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651- 52 (5th Cir. 1979).

*CAN I GET A WITNESS? 30(b)(6) overview, plus pitfalls, practical tips and consequences* by David E. Cannella.

http://www.americanbar.org/content/dam/aba/administrative/litigation/materials/2015-sac/written_materials/6_1_can_i_get_a_witness_v2.authcheckdam.pdf

17. Witnesses with potential knowledge of BOKF NA's alleged patent infringement reside outside of the State of Texas.

18. BOKF reserves the right to request transfer the proper forum and/or a more convenient forum.

### SPECIAL APPEARANCE AND CAUTIONARY ANSWER TO PLAINTIFF'S COMPLAINT RESERVING ALL RIGHTS TO FULLY RESPOND WITH APPROPRIATE TIME

In addition, in the event the Complaint is not dismissed by this Court, and to avoid timing issues and prejudice to BOKF, and reserving all rights to the appropriate time to fully respond to Plaintiff's Complaint, which was not timely served, in an abundance of caution, hereby, with said reservations answers the Complaint and counterclaims against Plaintiff.

### General Denial

BOKF hereby asserts that any allegation not specifically admitted herein is denied.  For further response with respect to the allegations of the individual paragraphs of Plaintiff's Complaint, BOKF states as follows:

### Parties

1. BOKF is without sufficient information to either admit or deny the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2. BOKF denies that Bank of Texas has "its headquarters located at 15725 Cypress Woods Medical Drive, Houston, Texas  77014".  BOKF admits that Bank of Texas is d/b/a for BOKF NA and that BOKF NA is a national banking association, headquartered in Tulsa, Oklahoma.  Defendant admits that BOKF can be served with process through its registered agent, Frederic Dorwart, Lawyers, Old City Hall, 124 East Fourth Street, Tulsa, Oklahoma  74103.

### Jurisdiction and Venue

3. BOKF admits that Plaintiff alleges this action arises under the patent laws of the United States of America, Title 35 of the United States Code.   BOKF denies the remainder of the allegations set forth in Paragraph 3.

4. BOKF admits that BOKF does business as Bank of Texas in the district. BOKF denies the remaining allegations set forth in Paragraph 4 of the Complaint. BOKF admits that BOKF has a single ATM and a single retail branch bank in the Sherman District. BOKF denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. BOKF admits that venue is proper as to the extent BOKF does business as Bank of Texas in the district, but not convenient or in the interests of justice under 28 U.S.C. § 1404(a).  BOKF admits that BOKF has a single ATM and a single retail branch

bank in the Sherman District. BOKF denies the remaining allegations set forth in Paragraph 5 of the Complaint.

### The Patent

6. BOKF is without sufficient information to either admit or deny the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7. BOKF is without sufficient information to either admit or deny the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

### Count I

### Alleged Direct Infringement by "BOT"

8. Answering the allegations of Paragraph 8, BOKF repeats and re-alleges its responses to Paragraphs 1-7, inclusively, as if fully stated here.

9. BOKF denies the allegations set forth in Paragraph 9 of the Complaint.

10. BOKF denies the allegations set forth in Paragraph 10 of the Complaint.

11. BOKF denies the allegations set forth in Paragraph 11 of the Complaint.

### Count II

### Alleged Indirect Infringement by "BOT"

12. Answering the allegations of Paragraph 12, BOKF repeats and re-alleges its responses to Paragraphs 1-11, inclusively, as if fully stated here.

13. BOKF denies the allegations set forth in Paragraph 13 of the Complaint.

14. BOKF denies the allegations set forth in Paragraph 14 of the Complaint.

15. BOKF denies the allegations set forth in Paragraph 15 of the Complaint.

16. BOKF denies the allegations set forth in Paragraph 16 of the Complaint.

17. BOKF admits the allegations set forth in Paragraph 17 of the Complaint.

18. BOKF denies the allegations set forth in Paragraph 18 of the Complaint.

19. BOKF denies the allegations set forth in Paragraph 19 of the Complaint.

20. BOKF denies the allegations set forth in Paragraph 20 of the Complaint.

21. BOKF denies the allegations set forth in Paragraph 21 of the Complaint.

22. BOKF denies the allegations set forth in Paragraph 22 of the Complaint.

23. BOKF denies the allegations set forth in Paragraph 23 of the Complaint.

24. BOKF denies the allegations set forth in Paragraph 24 of the Complaint.

25. BOKF denies the allegations set forth in Paragraph 25 of the Complaint.

26. BOKF denies the allegations set forth in Paragraph 26 of the Complaint.

27. BOKF denies the allegations set forth in Paragraph 27 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

BOKF denies that the Plaintiff is entitled to any of the relief requested in paragraphs A-I of its Prayer for Relief as specifically set forth below, or to any relief whatsoever from BoT (BOKF).

A. BOKF denies that Ruby Sands is the owner of the right to sue and to recover for infringement of the '633 Patent being asserted in this action;

B. BOKF denies that BOKF directly infringed, actively induced the infringement of, and/or contributorily infringed the '633 Patent;

C. BOKF denies that the Court should grant Plaintiff Declaration that BoT (BOKF) and its customers are jointly or severally responsible for the alleged damages from alleged infringement of the '633 Patent through the use of the BoT Mobile Banking App;

D. BOKF denies that the Court should grant Plaintiff Declaration that BoT (BOKF) is responsible jointly or severally with its customers for the alleged damages caused by the alleged infringement of the '633 Patent through the use of the BoT Mobile Banking App, by the BoT's customers;

E. BOKF denies that the Court should grant a preliminary and permanent injunction against BoT (BOKF), each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors, or enjoin them from continuing acts of alleged direct infringement, alleged active inducement of infringement, and alleged contributory infringement of the '633 Patent;

F. BOKF denies that this Court should grant an accounting for alleged damages under 35 U.S.C. §284 for alleged infringement of the '633 Patent by BoT, and the award of damages with interest as provided by law;

G. BOKF denies that this is an exceptional case that would entitle Plaintiff its reasonable costs and expenses in accordance with 35 U.S.C. §284;

H. BOKF denies that this is an exceptional case that would entitle Plaintiff its reasonable attorneys' fees in accordance with 35 U.S.C. §285; and

I. BOKF denies that Plaintiff is entitled to any further relief that this Court deems just and proper.

## DEFENSES

BOKF, by way of further defenses and, in some cases, affirmative defenses, but not in diminution or derogation of the admissions or denials set forth above, and subject to amendment at the conclusion of pre-trial discovery, states as follows:

1. Venue in the Eastern District of Texas is neither proper, convenient, or in the interests of justice under 28 U.S.C. § 1404(a).[2]

2. Plaintiff's Complaint fails to state a claim on which relief can be granted.

3. BOKF did not infringe on the 6,891,633 Patent.

4. The claims of the 6,891,633 Patent are invalid for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and/or 35 U.S.C. §§ 271 and 287.

5. The claims of the 6,891,633 Patent are invalid for failure to satisfy one or more of the conditions of patentability and thus not suitable for the Patent.

6. The 6,891,633 Patent should be reexamined generally and, in particular, in light of regulatory obligations.

7. BOKF does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States products that infringe any valid claims of the 6,891,633 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe this Patent.

8. On information and belief, Plaintiff lacks standing to assert the 6,891,633 Patent.

---

[2] Upon information and belief, Plaintiff formed its entity for the improper purpose of forum shopping.

9. Plaintiff is barred in whole or in part under principles of equity, including laches, failure to timely prosecute, waiver, and/or estoppel.

10. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

11. By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the application that ultimately led to the issuance of the 6,891,633 Patent, Plaintiff is estopped from asserting that BOKF infringes or has infringed on any claim of the 6,891,633 Patent.

12. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products are supplied, either directly or indirectly, to BOKF by an entity or entities having express or implied licenses to the 6,891,633 Patent and/or (ii) under the doctrine of patent exhaustion.

13. To the extent that certain products accused of infringing the 6,891,633 Patent are used by the United States Government, Plaintiff's claims are subject to other limitations under 35 U.S.C. § 1498.

14. Plaintiff's claims against BOKF are barred, in whole or in part, because BOKF strictly or substantially complied with all applicable laws, statutes and regulations and has fully performed any and all statutory or other duties.

15. Plaintiff's claims are barred, in whole or in part, by the contributory and/or comparative negligence of Plaintiff, Plaintiff's agents, or third parties.

16. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products are supplied, directly or indirectly, to BOKF by an entity or entities having express or implied licenses to the 6,891,633

Patent and/or (ii) under the doctrine of patent exhaustion.

17.   Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not suffered any injury in fact.

18.   Any damages that Plaintiff alleges to have suffered are too remote or speculative as to allow recovery.

19.   Any claim by Plaintiff for damages in this patent infringement action is limited by 35 U.S.C. § 286 to damages incurred within six years prior to the filing of the Complaint.

20.   Relief should be denied under 35 U.S.C. § 287 with respect to any claim for damages occurring before BOKF received notice of the infringement.

21.   Plaintiff is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

22.   Plaintiff is not entitled to injunctive relief because any alleged remedy is not immediate or irreparable, because legal remedies are sufficient to compensate Plaintiff for any alleged injury, and because Plaintiff cannot satisfy the requirements for demonstrating the propriety of injunctive relief.

23.   BOKF reserves the right to assert all other defenses that may become evident during discovery and during any other proceeding in this action.

### Counterclaims of BOKF

BOKF brings the following counterclaims against Plaintiff:

24.   BOKF NA is a national banking association which its principal place of business in Tulsa, Oklahoma at One Williams Center, Tulsa, Oklahoma 74103. Bank of Texas is a d/b/a for BOKF NA ("BOKF").

25.   Plaintiff alleges in the Complaint that Plaintiff is "a limited liability company organized and existing under the laws of the State of Texas, conducting business in this judicial district."

26.   Plaintiff has filed suit alleging that BoT infringes or has infringed on the 6,891,633 Patent.

27.   BOKF has denied that it infringes or has infringed on any valid claim of the 6,891,633 Patent.  BOKF has asserted that the 6,891,633 Patent is invalid.

28.   Based upon the foregoing, there is an actual, immediate, and justiciable controversy between BOKF and Plaintiff as to the validity and infringement of the 6,891,633 Patent.

### COUNT ONE

### (Declaratory Judgment – Invalidity of the 6,891,633 Patent)

29.   BOKF repeats and re-alleges Paragraphs 1-28 of its defenses as if fully set forth herein.

30.   The claims of the 6,891,633 Patent are invalid for failure to satisfy one or more of the conditions of patentability, including, without limitation, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT TWO

### (Declaratory Judgment – No Infringement of the 6,891,633 Patent)

31.   BOKF repeats and re-alleges Paragraphs 1-32 of its defenses as if fully set forth herein.

32.   The 6,891,633 Patent is not infringed by BOKF because BOKF does not make, use, sell, offer for sale, or import into the United States, and has not made, used,

sold, offered for sale, or imported into the United States products that infringe on any valid claim of the 6,891,633 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe the 5,657,461 Patent.

## COUNT THREE

33. BOKF repeats and re-alleges Paragraphs 1-34 of its defenses as if fully set forth herein.

34. On information and belief, Plaintiff is barred from recovering for any alleged infringement of the 6,891,633 Patent against BOKF under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.

35. BOKF has not yet pleaded inequitable conduct as an affirmative defense, nor has it pleaded at this time an affirmative counterclaim based on violation of the antitrust and/or unfair competition laws. If, as BOKF's investigation of the relevant facts progresses, it becomes apparent that such affirmative defenses and/or counterclaims exist, BOKF reserves the right to seek leave to amend its Answer and Counterclaims appropriately.

## DEMAND FOR JURY TRIAL

36. BOKF requests a jury trial on all issues triable to a jury

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, BOKF requests that Plaintiff's Complaint be dismissed with prejudice to re-filing of same, or grant BOKF an oral hearing in the event the Plaintiff's Complaint is not dismissed.

In the alternative, BOKF requests 1) that the 6,891,633 Patent be declared invalid, and 2) that BOKF recover its costs and reasonable attorney's fees incurred in defense of these claims pursuant to 35 U.S.C. § 285; and 3) that this Court grant all other and further relief to BOKF, either at law or in equity to which BOKF may be entitled.

Dated this 4th day of May, 2016.

RESPECTFULLY SUBMITTED:

/s/ Erica Anne Dorwart
Erica Anne Dorwart, Oklahoma Bar No. 018367
*(Admitted in the Eastern District of Texas)*
FREDERIC DORWART, LAWYERS
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103-5010
(918) 583-9922 - Office
(918) 583-8251 - Facsimile
Email: **edorwart@fdlaw.com**

## **CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on the 4th of May, 2016, she electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing all counsel of record.

                              /s/ Erica Anne Dorwart