# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| RUBY SANDS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-1955-JRG |
| | § | |
| AMERICAN NATIONAL BANK OF TEXAS, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Defendant Citizens National Bank's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion," Dkt. No. 14 in Case No. 2:15-cv-1955). Also before the Court are substantially similar motions filed by Defendants ZB, N.A. f/k/a Amegy Bank N.A. and Commercial Bank of Texas, N.A. (Dkt. No. 8 in Case No. 2:15-cv-1936 and Dkt. No. 8 in Case No. 2:15-cv-1971, respectively). Having considered the parties' arguments and the pleadings, the Court finds that Defendants' motions should be **GRANTED**.

## I. BACKGROUND

On November 30, 2015, Plaintiff Ruby Sands LLC ("Ruby Sands") filed a complaint against Defendant Citizen's National Bank ("CNB") alleging direct and indirect infringement of U.S. Patent No. 6,891,633, titled "Image Transfer System" ("the '633 Patent"). In its Amended Complaint[1] filed two months later, Ruby Sands describes the '633 Patent as "directed to a novel image transfer system comprising a transfer device which can be operably connected to a

---

[1] Ruby Sands filed an Amended Complaint on January 29, 2016. Ruby Sands filed the Amended Complaint "to provide the correct address of the party it intended to be sued in this case" and "not because its original Complaint had any noticeable defects." ("Response," Dkt. No. 22 at 1–2.)

computer." ("Complaint," Dkt. No. 7 at 2 in Case No. 2:15-cv-1966.) Ruby Sands accuses the CNB Mobile Deposit App of infringing at least claims 1 and 12[2] of the '633 Patent. (Complaint ¶ 11.) Claim 1 of the '633 Patent provides:

> An electronic assembly comprising;
>
> a first image transfer device for reading and transferring an image from a first medium, the first image transfer device including a reader for reading the image on the first medium, and a display exclusively used by the image transfer device for displaying an image transfer menu for effecting transfer of the image between the first image transfer device and another image transfer device; and
>
> a computer removably connected, to the first image transfer device;
>
> wherein when the first image transfer device is not connected to the computer the first image transfer device has a first type of the image transfer menu available for display on the display of the device, and wherein when the first image transfer device is connected to the computer the transfer device has a second type of the image transfer menu available for display on the display of the device wherein a first portion of the second type of the image transfer menu is stored in the computer. '633 Patent at col. 15, l. 50–col. 16, l. 4.

Claim 12 of the '633 Patent provides:

> An electronic assembly comprising;
>
> an image transfer device for reading and transferring an image from a first medium, the image transfer device including a reader for reading the image on the first medium, and a display exclusively used by the image transfer device for displaying an image transfer menu for effecting transfer of the image; and
>
> a computer removably connected to the image transfer device;
>
> wherein when the image transfer device is not connected to the computer the image transfer device has a first type of the image transfer menu available for display on the display of the device,
>
> and wherein when the image transfer device is connected to the computer the transfer device has a second type of the image transfer menu available for display on the display of the device,

---

[2] Since Ruby Sands represented in its complaints that Claims 1 and 12 of the '633 Patent are the exemplar claims it asserts against the defendants, the Court analyzes Claims 1 and 12 as the basis for this Order.

and wherein at least a portion of the second type of the image transfer menu is stored in the computer. '633 Patent at col. 17, ll. 1–19.

Ruby Sands claims "the CNB Mobile Deposit App is designed to read and transfer images using a reader for reading an image on a first medium, and a display for displaying an image transfer menu to effectuate a particular banking task." (Complaint ¶ 10.)

CNB, along with ZB, N.A. f/k/a Amegy Bank N.A. ("ZB") and Commercial Bank of Texas, N.A. ("Commercial Bank of Texas"), filed separate motions to dismiss. Movants argue that Ruby Sands' complaints in the respective member cases fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Notably, movants argue that Ruby Sands' complaints do not adequately plead direct infringement because they do not identify an image transfer device. (Motion at 6.) Additionally, movants contend that the portions of the complaints alleging indirect infringement include allegations unrelated to the '633 Patent. (Motion at 7.)

## II. LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleadings in patent infringement cases, provides that a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As the Supreme Court noted, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the alleged misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007).

Prior to its recent abrogation, Rule 84 of the Federal Rules of Civil Procedure provided that form pleadings automatically satisfy the pleading requirements of Rule 8(a). In practice, compliance with Form 18 "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282–85 (Fed. Cir. 2013). Form 18 pleadings in patent cases required only the following to state a claim for direct infringement: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, or using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction. Given the abrogation of Rule 84, Form 18 no longer provides a safe harbor for direct infringement claims. Now, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby*, 681 F.3d at 217.

To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. 35 U.S.C. § 271(b); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339

4

(Fed. Cir. 2012). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Knowledge of infringement alone, however, is not enough. "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

To state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use. 35 U.S.C. § 271(c); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

## III.  ANALYSIS

### A.  Direct Infringement

CNB argues that Ruby Sands' Amended Complaint not only fails to state a claim plausible on its face under the *Twombly / Iqbal* standard, but that the Amended Complaint also "fail[s] to adequately plead direct infringement even under the old Form 18 minimum threshold because [Ruby Sands] cannot plead that CNB has committed an infringing act (*i.e.*, 'a statement that defendant has been infringing the patent by making, selling, and using [a device] embodying the patented invention.')." (Motion at 6.) As noted above, claims 1 and 12 of the '633 Patent are directed to an electronic assembly comprising an image transfer device removably connected to a computer. CNB contends that "[t]he Complaint does not identify such a device, any computer, or

5

how they are purportedly connected." (*Id.*) The essence of Ruby Sands' direct infringement claims are stated in its Amended Complaint as follows:

> Ruby Sands is informed and believes, and based thereon alleges, that CNB makes, uses, tests, markets and sells or otherwise provides an image transfer system that uses a reader for reading an image on a first medium, and a display for displaying an image transfer menu to perform a selected function, i.e., the CNB Mobile Deposit App.
>
> Ruby Sands is informed and believes, and based thereon alleges, that the CNB Mobile Deposit App is designed to read and transfer images using a reader for reading an image on a first medium, and a display for displaying an image transfer menu to effectuate a particular banking task.
>
> Ruby Sands is informed and believes, and based thereon alleges, that the CNB Mobile Deposit App infringes claims of the '633 Patent, including without limitation at least claims 1 and 12, literally and/or under the doctrine of equivalents, in violation of Ruby Sands' rights.

(Complaint ¶¶ 9–11.) Ruby Sands argues that such allegations provide "sufficient factual detail" to satisfy the pleading standards established by *Twombly* and *Iqbal*. ("Response," Dkt. No. 22 at 5.) In an effort to refute CNB's motion to dismiss, Ruby Sands attempts to clarify the factual bases for its pleadings:

> Ruby Sands' Amended Complaint does identify and make clear that: the reader in question is a mobile device on which the accused app is used; that the display in question is the display of said mobile device; that the image transfer device in question is the mobile device on which the app is used; and that the computer at issue is the bank's, i.e., CNB's server, to which the image of the deposited check is sent from the mobile device via a mobile connection for processing.

(*Id.* at 6.)

The Court disagrees with Ruby Sands' arguments and finds that the Amended Complaint plainly fails to state a claim for relief that is plausible on its face. The Amended Complaint makes clear that the asserted claims of the '633 Patent require "a transfer device," "a reader," and "a display" (Complaint ¶¶ 7, 9–10; '633 Patent); Ruby Sands definitively represents that

such claim limitations are met by a mobile device or the components of a mobile device. (Response at 6.) However, assuming all facts pleaded in the Amended Complaint are true, Ruby Sands makes no factual allegations that even remotely suggest that CNB, a bank, makes, uses, offers to sell, or sells mobile devices. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). As such, Ruby Sands' direct infringement pleadings are constructed upon a fatally flawed foundation.

In sum, the Court cannot make a plausible inference of direct infringement based on the facts pleaded in the Amended Complaint. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do (citation omitted)."); *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Instead, the Court is left to wonder whether Ruby Sands performed a thorough pre-suit investigation, as required by the Federal Rules, to craft a plausible infringement theory before filing its complaint. *See* Fed. R. Civ. P. 11; *id.* at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

**B.    Indirect Infringement**

As discussed above, Ruby Sands' Amended Complaint additionally includes allegations of induced and contributory infringement against CNB. In pleading induced infringement of the '633 Patent, Ruby Sands alleges:

> CNB has been and is actively inducing the infringement of the '633 Patent by encouraging its customers to use the CNB Mobile Deposit App, that has no

7

> substantial noninfringing use and is **material for enabling delivery of emergency messages over disparate networks** in a manner that constitutes direct infringement of the claims of the '633 Patent. CNB has been and continues doing so with knowledge of the '633 Patent and with the specific intent that its customers use the CNB Mobile Deposit App in a manner that constitutes direct infringement of the claims of the '633 Patent.

(Complaint ¶ 23, emphasis added.) In pleading contributory infringement of the '633 Patent, Ruby Sands alleges:

> CNB has been and is contributorily infringing the '633 Patent by providing to its customers its Mobile Deposit App, which has no substantial non-infringing use and is **material for enabling delivery of emergency messages over disparate networks** in a manner that constitutes direct infringement of the claims of the '633 Patent. CNB has been and continues doing so with knowledge of the '633 Patent and with the specific intent that its customers use the CNB Mobile Deposit App in a manner that constitutes direct infringement of the claims of the '633 Patent.

(Complaint ¶ 24, emphasis added.) As CNB contends in its motion to dismiss, the '633 Patent is clearly not directed to delivering emergency messages over disparate networks. In fact, Ruby Sands admits that the inclusion of "material for enabling the delivery of emergency messages over disparate networks" in its indirect infringement pleadings was "inadvertent." (Response at 2, n1.)

The Court finds that the "inadvertent" inclusion of language presumably taken from a pleading directed to a different case, and completely unrelated to the patent-in-suit, is indicative of the kind of cut-and-paste pleading practices that Rule 12(b)(6) was meant to address. Repeatedly including phrases irreconcilable with the '633 Patent not only renders Ruby Sands' indirect infringement allegations implausible, but it also alerts the Court to the lack of care with which Ruby Sands drafted and filed its pleadings. That Ruby Sands amended its complaint two months after filing suit and still failed to correct this error only magnifies such carelessness. Unfortunately, this series of missteps amounts to more than mere inadvertence. This Court

cannot fairly go so far as to reconcile such a glaring discrepancy with the Federal Rules' basic requirement that litigants must plead facts to plausibly support their claims for relief.

**C.     ZB and Commercial Bank of Texas**

Defendants ZB and Commercial Bank of Texas also filed motions to dismiss Ruby Sands' claims for direct and indirect infringement pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has separately reviewed these motions and the pleadings in each case. These motions are substantially similar—if not identical—to CNB's motion. Further, Ruby Sands' complaints against ZB and Commercial Bank of Texas are almost identical and contain the same deficiencies that plague its Amended Complaint against CNB.

**D.     Dismissal of Ruby Sands' Claims With Prejudice**

This is a highly unusual case which presents the Court with a serial litigant who not only failed to plead plausible claims of direct infringement but also repeatedly filed (and failed to correct) pleadings containing indirect infringement allegations replete with extraneous language clearly lifted from some unrelated case. These circumstances lead the Court to conclude that a dismissal with prejudice is both warranted and appropriate.

## IV.     CONCLUSION

For the reasons stated above, Defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 14 in Case No. 2:15-cv-1955; Dkt. No. 8 in Case No. 2:15-cv-1936; and Dkt. No. 8 in Case No. 2:15-cv-1971) are **GRANTED**. Ruby Sands' pleadings against Citizens National Bank, ZB, N.A., and Commercial Bank of Texas, N.A. are hereby **DISMISSED WITH PREJUDICE**.

9

**So ORDERED and SIGNED this 28th day of June, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE